# CIRCUIT COURT OF THE CITY OF RICHMOND

Barrett J. Brown

v.

Citimortgage, Inc.,
Wittstadt Title
and Escrow Co., L.L.C.,
and Citifinancial, Inc.

January 22, 2013

Case No. CL11-4818

By Judge Melvin R. Hughes, Jr.

In this case, the defendants have again filed a demurrer to the plaintiff's Second Amended Complaint after the plaintiff was granted leave to file an amended pleading following a demurrer to an Amended Complaint.

In his Second Amended Complaint, the plaintiff asserts a claim under the federal Racketeering Influenced Corrupt Organizations Act (RICO) contending that the asserted RICO action is a basis for setting aside a foreclosure of real property owned by him and to quiet title of the property in him. The underlying facts, as before, involves an alleged invalid appointment of a substitute trustee as a basis for an asserted lack of authority in the substitute to institute the foreclosure. In sustaining a demurrer to the original complaint, the court opined that the allegations, sounding in fraud, were legally deficient due to a lack of a misrepresentation made to the plaintiff by the defendant, as the facts surrounding the substitution involved dealings between only the lender and the substituted trustee. The court believes this demurrer should be sustained as well.

Assuming a RICO claim can be prosecuted in this court, as opposed to federal court, the pleadings, once again sounding in fraud, fail to cover the essential elements of such a claim, namely materiality and the ability of the plaintiff to assert the claim for reasons of standing.

Here, in support of his claim of "racketeering activity" under the RICO laws, the defendants have again allegedly engaged in fraud. The fundamental defect is all of what is pleaded now as a RICO claim suggests

from the facts, as before, that the plaintiff acknowledges a default in payment of the promissory note on his part relative to the property placed by him as security for such payment. The alleged RICO violation cannot be the proximate cause of the loss the plaintiff claims, rather the operative and efficient cause of the loss as alleged is his acknowledged failure to pay. Accordingly, in addition to failing to mount a claim for fraud, the Second Amended Complaint fails to allege that the asserted RICO claim caused any loss or damages as a result of actions taken by the defendants at the instance of the substitute trustee.

Next, one of the three named defendants in this action has moved that sanctions be imposed against the plaintiff under Va. Code § 8.01-271.1 stating on brief that "[n]either the Complaint nor the Amended Complaint allege that the plaintiff was current on his note payments, has the money to make the note payments, or is somehow prepared to tender equity for equitable relief." Of course, the statute mandates a sanction if the underlying action is pursued for an improper purpose and without a proper basis in law and in fact. The question is whether the attorney and/or the party against whom the sanction is sought could not have formed a reasonable belief that the Complaints were well grounded in fact and warranted by existing law, or a good faith argument for the extension, modification or reversal of existing law. The court takes the view that sanctions are not warranted.

Here, the court must note that counsel for the plaintiff has cited to and argued that similarly situated plaintiffs have been found to have the right to mount a fraud claim as approved by other courts. This militates against the imposition of a sanction before it is evident that a contrary view to that of this court is out there on which counsel had a reasonable expectation that this court might follow as persuasive authority. While this court respectfully has a different take on facts said to be similar to those at bar, this circumstance would make the imposition of sanctions under the statute not appropriate.

For the foregoing reasons, the demurrer will be sustained, this time without leave to amend, and the motion for sanctions denied.